## JOHNNIE ROY HOUSTON V. THE STATE.

No. 23622. Delivered March 26, 1947.

Motion for Rehearing Denied (Without Written Opinion) May 21, 1947.

*Howard Walden,* of Waco, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery by assault. The punishment assessed is confinement in the state penitentiary for a period of fifty years.

The record, as brought forward, contains no bills of exception and no objection or exception to the court's charge. However, we do find in the transcript a request by him that the court instruct the jury, that if the purported confession, introduced by the state, was obtained from the defendant by putting him in fear of bodily harm, then the jury should not consider the same for any purpose. An examination of the court's main charge reveals that the court, in paragraph three thereof, did, in effect, so instruct the jury and no other or further requests were made by the appellant.

The only other matter to be considered is the sufficiency of the evidence to sustain his conviction. The statement of facts shows that about 11:00 P. M. on the 18th day of June, someone, who gave his name as Henry, called Dr. H. B. Combs over the telephone and said that his wife was very sick and wanted him to come to see her. The doctor informed the party that he did not make any night calls. Some time later during the night another telephone call came, but the doctor again declined to respond to the call. Then about 5:30 A. M. on the 19th day of June, the party called again and asked the doctor to come see

his wife. At this time, he agreed to meet the party at the bus station for the purpose of having the party calling him go with him and direct him to the home of the supposedly sick person. Appellant met the doctor at the bus station, entered the doctor's car for the purpose of directing him to the home of his sick wife. They drove out into the country about three miles to an old house situated about four hundred yards from the road. They parked the car on the side of the road and walked to the house, but found that it was vacant. Appellant urged the doctor to enter the house, but he declined to do so and started back toward his automobile. Appellant followed him to within a short distance of the automobile when he struck the doctor on the back of the head with a rock, rendering him unconscious. He then took the doctor's billfold which contained about forty dollars and went back to the town of Bastrop where he used the illgotten money in purchasing shoes and clothing and paying bills which he owed. About two or three hours later he was arrested, taken out to the scene of the alleged robbery where his shoes were fitted into the tracks found on the ground and they fitted perfectly. The injured party positively identified appellant as the person who struck him on the head with a rock, rendering him unconscious, and robbing him of his money.

Later during the day he made a voluntary confession to the District Attorney after being duly warned as required by law. This confession, in which he admitted his guilt, was introduced in evidence on his trial.

We deem the evidence sufficient to sustain his conviction.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.